**MOSS BOLLINGER LLP**
DENNIS F. MOSS (SBN 77512)
JEREMY F. BOLLINGER (SBN 240132)
ARI E. MOSS (SBN 238579)
15300 Ventura Blvd., Ste. 207
Sherman Oaks, California 91403
Telephone: (310) 982-2984
Facsimile: (818) 963-5954
dennis@mossbollinger.com
jeremy@mossbollinger.com
ari@mossbollinger.com

Attorneys for Plaintiff JOSEPH COLLINS
and other persons similarly situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH COLLINS**, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**ServiceLink FIELD SERVICES, LLC,** and **DOES 1-50,**<br><br>Defendants. | **CLASS ACTION**<br><br>Case No.:  3:18-CV-02142-L-MDD<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, PENALTIES AND RESTITUTION**<br><br>1.   Failure to Pay Minimum Wages<br>2.   Failure to Provide Rest Periods<br>3.   Failure to Provide Meal Periods<br>4.   Failure to Provide Proper Itemized Wage Statements<br>5.   Failure to Reimburse Business Related Expenses<br>6.   Violation of C.C. 2810.3<br>7.   Unfair Competition<br>8.   Violation of Labor Code § 246<br>9.    Penalties Pursuant to Private Attorney General Act, Labor Code §§ 2698 *et seq.* ("PAGA")<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Joseph Collins ("Plaintiff") on behalf of himself and all others

1

similarly situated complains and alleges as follows:

## **INTRODUCTION**

1.      This case arises out of the failure of Defendants to treat, as their employees, the workers who perform residential inspections for them in California, and the resulting failure by Defendants to comply with the California Labor Code. It also arises out of the status of Defendant ServiceLink Field Services, LLC as a "Client Employer" under Labor Code section 2810.3 irrespective of the status of the class members as "employees".

2.      ServiceLink Field Services, LLC ("ServiceLink") and DOES 1-50 (collectively "Defendants") failed to (1) pay INSPECTORS all minimum wages owed as required by Labor Code Section 1197; (2) pay INSPECTORS all wages owed as required by Labor Code Sections 201, 202, and 204; (3) provide INSPECTORS timely paid rest periods and timely unpaid meal periods of sufficient length as required by the Labor Code and applicable Wage Orders of the Industrial Welfare Commission; (4) reimburse INSPECTORS for business related expenses as required by Labor Code Section 2802; (5) pay INSPECTORS additional pay for rest period and meal period violations  as required by Labor Code Section 226.7; (6) provide INSPECTORS with itemized wage statements in compliance with Labor Code Section 226(a); and (7) provide paid sick leave as required by law. Defendants' violations of the Labor Code also constitute unfair competition in violation of Business and Professions Code Section 17200. Plaintiff seeks damages and statutory penalties under the Labor Code and restitution under Business and Professions Code Section 17203. As to the sick leave claim, Plaintiff seeks injunctive relief, and pay for sick days.

3.      Plaintiff and members of the proposed Class are current and former employees of ServiceLink who worked as non-exempt property INSPECTORS in

2

California performing the service that ServiceLink sells its customers residential property inspections and delivery of documents ("inspections"). Plaintiff and members of the proposed Class are also "workers" as the term is defined in Labor code section 2810.3(5).

4. Defendant ServiceLink jointly employs the class members, like Plaintiff, with individuals and/or entities who provide the INSPECTORS that perform the inspections. Plaintiff is informed and believes and thereon alleges that the entities and individuals that provide the INSPECTORS are paid per inspection by ServiceLink. The INSPECTORS are, in turn, paid per inspection. Defendant ServiceLink is also a "Client employer" as that term is defined in Labor Code section 2810.3that is provided workers by "Labor contractors" as defined in Labor Code section 2810.3

5. Class members perform residential inspections for ServiceLink. ServiceLink dictates the location of each inspection, and dictates what INSPECTORS are required to do at each inspection site. The persons and entities that jointly employ the INSPECTORS with ServiceLink assign ServiceLink inspection orders to the class members. The inspection directions from ServiceLink to the INSPECTORS dictate, among other things, inspection processes, what specific photographs the inspectors are required to take at the inspection site, whether to make contact with the homeowner and/or neighbors if the homeowner is not available, what to say if contact occurs, what documents have to be left with the homeowner or at the site of the inspection, and where to leave the documents. ServiceLink directions also dictate whether the INSPECTOR needs to enter the premises as part of the inspection, what to do once inside, and what INSPECTORS are to do when access to the inspection site is unavailable. ServiceLink dictates what the INSPECTOR must do if there is a citation from a government entity at the

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02142-L-MDD

inspection site. ServiceLink dictates timeframes for the completion of inspections. Once inspections are completed, ServiceLink has the INSPECTORS complete detailed reports per ServiceLink specifications and upload the reports and applicable photographs.

6.     Plaintiff Collins typically received $3-$5 per inspection. Plaintiff Collins has been treated as an independent contractor when paid for the inspections he performs for ServiceLink, and Plaintiff Collins is informed and believes, and thereon alleges that the other class members also have been treated as independent contractors when paid for the inspections they perform for ServiceLink. ServiceLink and the entities and people they jointly employ INSPECTORS with, do not withhold money from the payments to INSPECTORS for payment to taxing authorities, nor pay employer burdens associated with wage payments such as Social Security contributions, or Employment Development Department contributions to fund California unemployment system obligations.

7.     ServiceLink INSPECTORS are not paid for rest breaks, travel time, ServiceLink work activities performed at home including uploading assignments, mapping the order of inspections, completing and uploading reports and photographs, nor are they paid for other non-inspection work such as time spent purchasing supplies, maintaining their vehicles, time spent interacting with ServiceLink vendors, and time reviewing policy additions and changes.

8.     ServiceLink inspectors, at times, work over four hours in a day for ServiceLink.  When they do so, they are not provided paid rest breaks as required by law.

9.     ServiceLink does not reimburse inspectors for the share of supply and equipment costs they incur attributable to ServiceLink work, or for costs they incur in utilizing their own vehicles, mobile phones, and data plans attributable to

4

ServiceLink work.

10. Plaintiff and proposed Class members are not paid for the time they spend for ServiceLink in other than actual inspections.

11. Plaintiff and proposed Class members do not receive premium pay as required by law on account of ServiceLink's non-compliance with rest break and meal break requirements.

12. ServiceLink does not communicate or maintain a meal break policy applicable to its inspectors.

13. Plaintiff and proposed Class members do not receive accurate, itemized wage statements reflecting the hours they actually work, the amount of wages to which they are entitled, deductions required by law, and a proper itemization of piecework earnings.

14. Class members are not paid all wages owed following their voluntary or involuntary employment separations.

15. Plaintiff and the proposed Class members are not provided paid sick leave as required by Labor Code 246.

16. As a result of these violations, Plaintiff seeks on behalf of himself and all others similarly situated, compensation, damages, penalties, and interest to the full extent permitted by the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders.

17. ServiceLink is also liable for violation of the Unfair Business Practices Act, California Business and Professions Code §§ 17200, *et seq*. ("UCL").

18. Plaintiff also seeks injunctive relief and restitution.

19. Plaintiff seeks reasonable attorneys' fees and costs under the Labor Code and California Code of Civil Procedure § 1021.5.

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02142-L-MDD

## JURISDICTION AND VENUE

20.   This Court currently has jurisdiction over Defendants because Defendant ServiceLink removed the case from San Diego Superior Court, and Plaintiff's Motion to Remand has yet to be heard. (Plaintiff does not concede that this Court has jurisdiction.)

21.   Venue is currently in this Court because Defendant ServiceLink removed the case from San Diego Superior Court, and the work performed that gives rise to the causes of action was performed by Plaintiff and a number of other class members in San Diego County. Wage and hour obligations of Defendants under the Labor Code arose and were breached in San Diego County.

## THE PARTIES

### A.    Plaintiff

22.   Plaintiff is over the age of eighteen, and at times mentioned in this complaint was a resident of San Diego County. During the four-year period preceding the filing of the complaint, Plaintiff was jointly employed by ServiceLink and another entity with respect to home inspection work orders generated by ServiceLink; however, within the joint employer relationship, he was treated as an independent contractor. He was paid for his work per inspection, and there were no withholdings from his payments.

23.   When Plaintiff prepared the inspection reports he generated for ServiceLink, his name appeared on the reports. ServiceLink knew INSPECTORS in the class were performing the inspections required by the inspection orders they generated, and therefore, suffered and permitted them to do so. Not only did ServiceLink generate the home inspection work orders performed by Plaintiff and others, they controlled how they were performed. ServiceLink dictated what the INSPECTORS were to do at each inspection, dictating, for example,   the number

6

of photographs to be taken, what had to be included in each of the photographs, dictating what the inspectors were to observe and report in connection with each inspection, dictating who to contact when conducting certain inspections and when contact was necessary, dictating the documents to be provided at inspections sites, and dictating  what needs to be included in reports of inspections.  During his employment by ServiceLink as an INSPECTOR, Plaintiff was paid "per-inspection" rates for completed work orders. He was not paid minimum wages for all hours worked, has not been provided with paid rest periods nor an extra hour of pay for unpaid rest periods, has not been provided a lawfully compliant meal break policy, nor has he been paid an extra hour of pay for meal break violations. Plaintiff has not been provided with accurate itemized wage statements, has not been reimbursed for business related expenses, and has not been provided paid sick leave.

24.    Plaintiff seeks to represent similarly situated INSPECTORS (the "Class," described more fully below) who suffered the same violations of rights that he endured.

25.    As such, Plaintiff appears in this action on behalf of himself and on behalf of all others similarly situated.

**B.    Defendants**

26.    Plaintiff is informed and believes, and thereon alleges, that ServiceLink is a Limited Liability Corporation organized under the laws of the State of Delaware, headquartered in Florida, that does business in California, including in San Diego County, California. At all times relevant to this action, ServiceLink has been in the home inspection business performing the service of home inspections for its financial institution clients. At all times relevant to this action, ServiceLink has jointly employed with other entities and people, Plaintiff

and similarly situated INSPECTORS with respect to inspection work orders generated by ServiceLink. The other entities and people that jointly employed the INSPECTORS supplied the INSPECTORS to ServiceLink to perform the inspections. ServiceLink utilized Plaintiff and similarly situated INSPECTORS to provide the services that it sells its customers. Furthermore, ServiceLink directly suffered and permitted Plaintiff and similarly situated INSPECTORS to carry out the inspection work orders it generated for work in California. ServiceLink controlled the manner and means by which inspection services were performed.

27.    Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

28.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of one or more of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to one or more of the other Defendants.

## CLASS ACTION ALLEGATIONS

29.    Plaintiff brings this action on behalf of himself and all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382 in California State Court. If this case is not remanded to State Court, this Court should deem this First Amended Complaint brought pursuant to Federal Rules of Civil Procedure Rule 23.  The members of the Class are:

All persons who performed residential home inspections on behalf of

8

ServiceLink Field Services, LLC in California at any time from August 10, 2014 through the date the Court grants preliminary approval of the settlement, or if there is no Settlement, through the date Notice is mailed to the Class in a non-Settlement context (also referred to herein as "INSPECTORS").

30.    This action has been brought and may be maintained as a class action pursuant to either California Code of Civil Procedure Section 382 or Federal Rules of Civil Procedure Rule 23 because there is a well-defined community of interest ("commonality" under Rule 23) among many persons who comprise a readily ascertainable class:

a.    The Class members are so numerous that the individual joinder of all of them as plaintiffs is impractical.   While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are over 300 members in the Class.   Therefore, joinder of all Class members as individual plaintiffs is impractical.

b.    Common questions of law and fact exist as to members of the Class and predominate over any questions which affect only individual members of the Class.   These common questions include, but are not limited to:

1) The central threshold issue: Was ServiceLink an employer of members of the Class jointly employing Class Members with people and entities that selected the class members, and paid the class members?

2) Did   ServiceLink   directly   or   indirectly   control   the INSPECTORS, and the inspection and reporting processes conducted by INSPECTORS.

3) Does ServiceLink suffer and permit INSPECTORS to perform inspections in California?

4) Is ServiceLink in the Inspection business, and does it carry out

9

its business through the INSPECTORS?

5) Does *Dynamex Operations v. Superior Court* (2018) 4 Cal.5th 903 apply in a context where the employees are jointly employed by more than one entity, and none of the entities in the relationship treat the employees as employees, and the entity that directly pays the employees, pays them as though they are independent contractors.

6) Does ServiceLink's utilization of other people or entities to recruit and dispatch INSPECTORS to perform ServiceLink work orders pursuant to ServiceLink's directions insulate ServiceLink from liability to INSPECTORS as an employer or joint employer.

7) Did Defendants fail to pay class members all minimum wages they were entitled to by virtue of a piece work pay system that only paid for inspections?

8) Did Defendants fail to provide class members with paid rest breaks?

9) Are Class Members entitled to one hour of extra pay for each work day they worked more than 4 hours and did not receive paid rest breaks?

10)    Did Defendants violate Labor Code Section 226(a) by failing to provide members of the Class with itemized wage statements that complied with Labor Code Section 226(a)?

11)    Did Defendants violate Labor Code Section 2802 by failing to reimburse members of the Class for business related expenses?

10

12)    Did Defendants fail to provide class members with paid sick leave as required by law?

13)    Do any of the unlawful practices of Defendants constitute unfair competition in violation of Business & Professions Code Section 17200?

14)    Are Defendants liable to members of the Class for damages under the Labor Code?

15)    Are Defendants liable to members of the Class for statutory penalties under the Labor Code?

16)    Did Defendants violate Labor Code Sections 201, 202 and 203?

17)    Are Defendants liable to members of the Class for restitution under Business and Professions Code Section 17203?

18)    Are any of Defendants "Client Employers" as that term is used in Labor Code 2810.3?

19)    Are Class members entitled to attorney's fees?

20)    Are Class members entitled to interest?

c.    Plaintiff is a member of the Class, and his claims are typical of the claims of other Class members. The injuries allegedly suffered by Plaintiff as a result of not being treated as an employee of ServiceLink are the same or substantially similar to the injuries allegedly suffered by other members of the Class.

d.    Plaintiff will adequately and fairly protect the interests of the members of the Class. Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is represented by legal counsel who have substantial

11

1    class action experience in civil litigation and employment law.

2          e.    A class action is superior to other available means for the fair

3    and efficient adjudication of the claims of the Class and would be beneficial for the

4    parties and the court.  Class action treatment will allow a large number of similarly

5    situated persons to prosecute their common claims in a single forum,

6    simultaneously, efficiently, and without the unnecessary duplication of effort and

7    expense that numerous individual actions would require.  Further, the monetary

8    amounts due to many individual Class members are likely to be relatively small,

9    and the burden and expense of individual litigation would make it difficult or

10   impossible for individual members of the Class to seek and obtain relief.  A class

11   action will serve an important public interest by permitting such individuals to

12   effectively pursue recovery of the sums owed to them.  Further, class litigation

13   prevents the potential for inconsistent or contradictory judgments raised by

14   individual litigation.

15         31.    Plaintiff is not aware of any difficulties that are likely to be

16   encountered in the management of this action that would preclude its maintenance

17   as a class action.  Plaintiff, however, reserves the right to modify the definition of

18   the Class or seek issue certification, as future circumstances may dictate.

19

20                    **FIRST CAUSE OF ACTION**

21         **FAILURE TO PAY MINIMUM WAGES**
       **(By Plaintiff on behalf of himself and the Class against All Defendants)**

22

23         32.    Plaintiff incorporates paragraphs 1 through 31 of this complaint as if

24   fully alleged herein.

25         33.    At all relevant times, Plaintiff and the other members of the Class

26   were employees of Defendants under Labor Code Section 1197 and applicable

27                                    12

28                                    **FIRST AMENDED COMPLAINT**
                                     CASE NO.: 3:18-CV-02142-L-MDD

Wage Orders.

34.    Plaintiff and the other members of the class were paid per inspection. Pursuant to Labor Code Section 1197 and applicable Wage Orders, Plaintiff and the other members of the Class were entitled to receive minimum wages for all hours worked.

35.    The number of hours Plaintiff and other class members worked for ServiceLink on any given day during the class period varied from day to day. Plaintiff Collins frequently performed no ServiceLink inspections on days that would otherwise be considered workdays. On several workdays, he performed 3 or fewer ServiceLink inspections.

36.    Although Plaintiffs were paid for some of their work, Defendants failed to pay Plaintiff and other members of the Class minimum wages for all hours worked in violation of Labor Code Section 1197 and applicable Wage Orders. Defendants did not pay INSPECTORS for non-inspection work. Plaintiff is informed and believes and thereon alleges that at all relevant times Plaintiff and the other members of the Class did not receive minimum wages for all hours worked.

37.    As a result of Defendants' unlawful conduct, Plaintiff and other members of the Class have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked.

38.    Pursuant to Labor Code Sections 1194 and 1194.2, Plaintiff and other members of the Class are entitled to recover the full amount of unpaid minimum wages, prejudgment interest, liquidated damages, reasonable attorney's fees and costs of suit.

39.    Those class members no longer employed by Defendants, whose employment ended on or after August 10, 2015, are owed waiting time penalties according to proof pursuant to Labor Code Section 203 on account of Defendants'

13

willful failure to pay all minimum wages owed.

## SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE PAID REST PERIODS
**(By Plaintiff on behalf of himself and the Class against All Defendants)**

40.    Plaintiff incorporates paragraphs 1 through 39 of this complaint as if fully alleged herein.

41.    At all relevant times, Plaintiff and the Class were employees of Defendants covered by Labor Code § 226.7 and Wage Orders of the Industrial Welfare Commission.

42.    Pursuant to Labor Code § 226.7 and the Wage Orders, Plaintiff and the other Class Members were entitled to paid rest periods of at least 10 minutes for each period of four hours or a major fraction of 4 hours, and one hour of additional pay for every day a paid rest period was not authorized or permitted.

43.    On occasion, during the class period, Plaintiff and the other Class Members worked for ServiceLink over 4 hours on workdays.

44.    On account of their per inspection pay practices, when Plaintiff and the other Class Members worked for ServiceLink over 4 hours on workdays, Defendants failed to provide Plaintiff and other members of the Class paid rest break time in accordance with Labor Code § 226.7 and the Wage Orders.

45.    Pursuant to Labor Code §226.7, Plaintiff and other members of the Class are entitled to damages in an amount equal to one (1) hour of wages for each day they were not provided compliant rest breaks.

46.    Pursuant to Labor Code § 218, Plaintiff and the other members of the Class are entitled to recover wages owing for unpaid rest break time, and attorney's fees incurred in securing those wages, as well as the break violation

14

premium pay. Pursuant to Labor Code § 218.6 or Civil Code § 3287(a), Plaintiffs and other members of the Class are entitled to recover prejudgment interest on the wages owed for rest break violations.

### THIRD CAUSE OF ACTION
### FAILURE TO MAKE COMPLIANT UNPAID MEAL PERIODS AVAILABLE
### (By Plaintiff on behalf of himself and the Class against All Defendants)

47.    Plaintiff incorporates paragraphs 1 through 46 of this complaint as if fully alleged herein.

48.    Labor Code §226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide. Plaintiff alleges that Defendant did not make legally compliant meals available by not communicating or otherwise providing a compliant meal break policy to Plaintiff and the Class. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.

49.    Defendant failed to provide timely meal breaks of not less than thirty (30) minutes as required by the Labor Code during the relevant class period.

50.    Pursuant to Labor Code §226.7, Plaintiff and the class are entitled to damages in an amount equal to one (1) hour of wages per work day during which Defendants did not provide a compliant meal break or have a compliant meal break policy.

51.    Pursuant to Labor Code §218.6 or Civil Code §3287(a), Plaintiff requests that the court award prejudgment interest on the premium wages owing on account of meal break violations.

### FOURTH CAUSE OF ACTION

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02142-L-MDD

## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS
### (By Plaintiff on Behalf of Himself and the Class Against All Defendants)

52.    Plaintiff incorporates paragraphs 1 through 51 of this complaint as if fully alleged herein.

53.    At all relevant times, Plaintiff and the other members of the Class were employees of Defendants under Labor Code Section 226.

54.    Pursuant to Labor Code Section 226(a), Plaintiff and the other members of the Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized wage statement showing: a) gross wages earned; b) total hours worked; c) the number of piece rate units earned any applicable piece rate; d) all deductions; and e) net wages earned.

55.    Defendants failed to provide Plaintiff and members of the Class with itemized wage statements in accordance with Labor Code Section 226(a).  Plaintiff is informed and believes and thereon alleges that at all relevant times within the one-year limitations period applicable to this cause of action (the "Penalty Period"), Defendants had a policy or practice of not providing INSPECTORS with compliant itemized wage statements.

56.    Defendants' failure to provide Plaintiff and members of the Class with compliant itemized wage statements was knowing and intentional.  Defendants had the ability to provide Plaintiff and members of the Class with accurate itemized wage statements but, because INSPECTORS were treated as independent contractors, Defendants knowingly and intentionally failed to keep accurate payroll records for INSPECTORS necessary for providing them accurate itemized wage statements.

57.    As a result of Defendants' conduct, Plaintiff and members of the Class have suffered injury.  The lack of itemized wage statements has prevented timely

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02142-L-MDD

challenges to some of Defendants' unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and/or led to the submission of inaccurate information about wages to state and federal government agencies.

58.    Pursuant to Labor Code Section 226(e), Plaintiff and members of the Class are entitled to recover fifty dollars for the initial pay period during the Penalty Period in which a knowing and intentional violation of Labor Code Section 226(a) occurred and one hundred dollars for each knowing and intentional violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate statutory penalty of four thousand dollars per employee.

59.    Pursuant to Labor Code Sections 218 and 226(e), Plaintiff and members of the Class are entitled to recover the full amount of statutory penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

## FIFTH CAUSE OF ACTION
### FAILURE TO REIMBURSE BUSINESS RELATED EXPENSES
### (By Plaintiff on Behalf of Himself and the Class Against All Defendants)

60.    Plaintiff incorporates paragraphs 1 through 59 of this complaint as if fully alleged herein.

61.    At all relevant times, Plaintiff and the other members of the Class were employees of Defendants entitled to the benefit of Labor Code Section 2802.

62.    Pursuant to Labor Code Section 2802, Plaintiff and other members of the Class were entitled to indemnification for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties.

63.    Defendants failed to indemnify Plaintiff and other members of the

17

Class for all their business expenses in accordance with Labor Code Section 2802. Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendants maintained a policy or practice of not reimbursing INSPECTORS for the expenses they incurred for work related purposes on account of their position that their INSPECTORS were not employees.

64.    As a result of Defendants' conduct, Plaintiff and other members of the Class have suffered damages in an amount, subject to proof, to the extent they were not reimbursed for all the expenses they incurred for work related purposes.

65.    Pursuant to Labor Code Section 2802, Plaintiff and other members of the Class are entitled to recover reimbursement for their business-related expenses, reasonable attorney's fees and costs of suit.

## SIXTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE SECTION 2810.3
### (By Plaintiff on Behalf of Himself and the Class Against Defendant ServiceLink)

66.    Plaintiff incorporates paragraphs 1 through 65 of this complaint as if fully alleged herein.

67.    Defendant ServiceLink is a "Client Employer" as that term is defined in Labor Code section 2810.3.

68.    Defendant ServiceLink is supplied Plaintiff and class members as "Workers" to perform inspections in California by "Labor Contractors" as those terms are used in Labor Code section 2810.3.

69.    Inspections are within the usual course of ServiceLink's business.

70.    Pursuant to Labor Code Section 2810.3(b), ServiceLink is liable, irrespective of whether there is an employer-employee relationship between

18

ServiceLink and the Class, to the Plaintiff and the Class for the unlawful conduct of Defendants alleged above to the extent that conduct has resulted in an underpayment of straight time, minimum, overtime, violation premium, and waiting time wages, and to the extent that ServiceLink's ' failure to reimburse for expenses has resulted in an unlawful reduction of actual wages, for those wages as well.

71.    Plaintiff exhausted the requirement, contained in Labor Code Section 2810.3 (d) to notify ServiceLink of the violation of 2810.3 alleged herein, and waited in excess of 30 days after that notification to commence this action.

72.    As a result of ServiceLink's unlawful conduct in violation of Labor Code Section 2810.3(b), Plaintiff and other members of the Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages owed to them.

73.    Plaintiff and other members of the Class are entitled to recover the full amount of their unpaid wages, prejudgment interest, reasonable attorney's fees pursuant to Civil Procedure Section 1021.5, and costs of suit.

**SEVENTH CAUSE OF ACTION**
**UNFAIR COMPETITION**
**BUSINESS AND PROFESSIONS CODE 17200 ET SEQ.**
**(By Plaintiff on Behalf of Himself and the Class Against All Defendants)**

74.    Plaintiff incorporates paragraphs 1 through 73 of this complaint as if fully alleged herein.

75.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200.

76.    As a result of Defendants' unfair competition as alleged herein,

19

1  Plaintiff and members of the Class have suffered injury in fact and lost money or

2  property.  Plaintiff and other members of the Class were deprived of their rights

3  under the Labor Code to minimum wages for all hours worked, pay for rest

4  periods, additional pay for rest period and meal period violations, and other monies

5  owed to them under the Labor Code.

6      77.    Pursuant to Business and Professions Code Section 17203, Plaintiff

7  and members of the Class are entitled to restitution of all the money owed to them

8  and interest thereon rightfully belonging to them that Defendants failed to pay to

9  them and wrongfully retained for themselves by means of their unlawful and unfair

10  business practices.  Plaintiff and members of the Class have a vested property

11  interest in all the money that Defendants were legally required to pay to them

12  under the Labor Code and Defendants would be unjustly enriched if allowed to

13  keep for itself any of the money or interest thereon that Plaintiff and members of

14  the Class had the right to possess.

15      78.    Plaintiff and members of the Class are entitled to recover reasonable

16  attorney's fees in connection with their unfair competition claims pursuant to CCP

17  Section 1021.5, the substantial benefit and/or the common fund doctrine.

18                    **EIGHTH CAUSE OF ACTION**
19              **VIOLATION OF LABOR CODE § 246**
20  **(By Plaintiff on Behalf of Himself and the Class Against All Defendants)**

21      79.    Plaintiff incorporates paragraphs 1 through 78 of this complaint as if

22  fully alleged herein.

23      80.    Plaintiff and other class members qualify for sick leave pursuant to

24  Labor Code Section 246.

25      81.    Plaintiff is still employed by Defendants.

26      82.    Plaintiff and other class members have not been provided paid sick

27                              20

28                    **FIRST AMENDED COMPLAINT**
       CASE NO.: 3:18-CV-02142-L-MDD

leave as required by Labor Code Section 246.

83.    As a direct and proximate cause of Defendants' failure to provide sick leave, some class members have been deprived sick pay owing, according to proof.

84.    Plaintiff and other current employee class members are entitled to a permanent injunction compelling Defendants to provide paid sick leave in accordance with California law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class action;

B.    An order that Plaintiff be appointed representative of the Class;

C.    An order that counsel for Plaintiff be appointed as counsel for the Class;

### **On the First Cause of Action**

D.    Unpaid minimum wages;

E.    Liquidated damages;

F.    Attorneys' Fees;

G.    Waiting time wages for Former Employee Class Members;

### **On the Second Cause of Action**

H.    Wages owing on account of unpaid rest breaks;

I.    Rest Break Violation Premium Pay pursuant to Labor Code Section 226.7;

J.    Attorney's fees on the recovery of pay for the unpaid time;

### **On the Third Cause of Action**

K.    Meal Break violation premium pay pursuant to Labor Code Section 226.7;

21

1

### On the Fourth Cause of Action

2    L.        Penalties pursuant to Labor Code Section 226;

3    M.      Attorney's fees and costs;

4

### On the Fifth Cause of Action

5    N.      Damages according to proof;

6    O.      Reimbursement for business related expenses;

7    P.      Attorney's fees;

8

### On the Sixth Cause of Action

9    Q.      Unpaid wages according to proof;

10   R.      Attorney's fees;

11

### On the Seventh Cause of Action

12   S.      Restitution of all unpaid wages and other monies owed and belonging

13          to Class members that Defendant unlawfully withheld from them and

14          retained for itself;

15   T.      Prejudgment interest;

16

### On the Eighth Cause of Action

17   U.      An injunction ordering Defendants to provide paid sick leave to

18          current employee class members;

19   V.      Damages according to proof;

20

### On All Causes of Action

21   W.     Judgment in favor of Plaintiff, the putative Classes, Aggrieved

22          Employees and the State of California, and against Defendants;

23   X.      Pre-judgment interest;

24   Y.      Costs of suit; and

25   Z.      Such other relief as this Court deems just and proper.

26

27

28

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02142-L-MDD

Dated:  October 12, 2018                    MOSS BOLLINGER, LLP

                                            By: _____
                                            Dennis F. Moss
                                            Attorney for Plaintiff, Joseph Collins

## **DEMAND FOR JURY TRIAL**

        Plaintiff demands a trial by jury for himself and the Class on all claims so triable.

Dated:  October 12, 2018                    MOSS BOLLINGER, LLP

                                            By: _____
                                            Dennis F. Moss
                                            Attorney for Plaintiff, Joseph Collins

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02142-L-MDD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**
CASE NO.: 3:18-CV-02142-L-MDD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28